UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD C. BAIN, JR.,
      Plaintiff,

Case No. 06-14894
Judge Avern Cohn

v.

CITY IF FARMINGTON HILLS and
AFSCME, LOCAL 456 COUNCIL 25,
      Defendants.

_____/

**ORDER GRANTING CITY OF FARMINGTON HILL AND AFSCME, LOCAL 456 COUNCIL 25s' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. PROC. 12(b)(1)**[1]

**I. Introduction**

This is a case under the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiff Gerald Bain (Bain) brings a hybrid 301 claim against his former employer, the City of Farmington Hills (Farmington Hills) for breach of a Last Chance Agreement; and against AFSCME, Local 456 Council 251 (AFSCME), his union, for failure to fairly represent him when he signed the LCA and after his termination.

Before the Court are Farmington Hills and AFSCMEs' motions to dismiss for lack of subject matter jurisdiction. For the following reasons, the motions are GRANTED.

**II. Background**

Bain was employed by Farmington Hills. Bain was a member of AFSCME, which

---

[1] The Court ordinarily would have oral argument on the defendants' motions. However, in this case, the Court finds that oral argument is not necessary. See E.D. MICH. LR 7.1(e)(2).

1

has a collective bargaining agreement (CBA) with Farmington Hills.[2]  On August 30, 2005 Bain executed a Last Chance Agreement (LCA) with Farmington Hills in lieu of being terminated.  Bain was represented by AFSCME at the signing of the LCA. The LCA stated in pertinent part that:

> Employee and the Union understand and agree that this is the Employee's last chance, and that he will be immediately discharged without recourse through any otherwise applicable greivance/arbitration procedure if, as determined at the sole discretion of the Employer, he engages in any absenteeism, tardiness, poor work performance, misconduct, rule or policy violation, or any other conduct inappropriate in the judgment of the Employer.

¶ 3.

Bain says that AFSCME advised him to sign the LCA without seeking advice from an attorney or fully advising him of the ramifications of the agreement.  Bain says that after signing the LCA he maintained a stellar work record, had no absences or on-the-job incidents, and passed all drug and alcohol tests.  However, on May 26, 2006 Farmington Hills terminated Bain for no apparent reason.  AFSCME took no action regarding Bain's termination.[3]

Bain filed this suit on October 30, 2006.

### III.  Analysis

### A. Standard for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be based on either a facial attack or a factual attack on the allegations

---

[2] Bain's position is not provided in the record.

[3] It is unclear whether Bain requested that AFSCME grieve or arbitrate his termination.

of the complaint.  Tri-Corp Management Co. v. Praznik, 33 Fed. Appx 742, 745 (6th Cir. 2002).  If subject matter jurisdiction is facially attacked, the court must take all material allegations in the complaint as true and construe them in a light most to the non-moving party.  U.S. v. A.D. Roe. Co., Inc., 186 F.3d 717, 721-22 (6th Cir. 1999).  If, however, there is a challenge to the factual existence of subject matter jurisdiction, the court is "empowered to weigh the evidence and no presumptions apply as to the truthfulness of the relator's allegations."  Id.

When a defendant has made a subject matter jurisdiction challenge the plaintiff has the burden of proving jurisdiction in order to survive the motion.  Moir v. Greater Cleveland Reg'l Transit Auth. 895 F.2d 266, 269 (6th Cir. 1990).  However, as explained by the court in Musson Theatrical Inc. v. Federal Express Corp., 89 F.3d 1244 (6th Cir. 1996):

> [T]he plaintiff's burden to prove federal question subject matter jurisdiction is not onerous.  The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is 'substantial.'  A federal claim is substantial unless 'prior decisions inescapably render [it] frivolous.'  In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made.

Id. at 1248 (Internal citations omitted).

The defendants make a facial attack against Bain's allegations.

### B.  Section 301 Hybrid Claim Under the LMRA

Bain's complaint contains two counts which form a hybrid claim under section 301 of the LMRA.  As stated in Bagsby v. Lewis Brothers, Inc., 820 F. 2d 799, 801 (6th Cir. 1987):

> In a hybrid suit under § 301 of the Labor Management Relations Act, 29

> U.S.C. § 185, to recover against either the Company or the Union, [the plaintiff] must show that the Company breached the Agreement and that the Union breached its duty of fair representation. Hines v. Anchor Motor Freight Co., 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). Unless [the plaintiff] demonstrates both violations, [s/he] can not succeed against either party.

See also, Knight v. National Food Express, Inc., 1996 WL 426441, *4 (E.D. Mich 1996, Cohn)(citing Bagsby).

### C.  Arguments

#### 1.  The Defendants' Arguments [4]

The defendants argue that the Court does not have subject matter jurisdiction over either count in the complaint, and therefore, Bain's case must be dismissed.

First, the defendants assert that Count I is essentially a breach of contract claim since Bain is alleging that Farmington Hills wrongfully discharged him in contravention of the LCA, which is a "side agreement" or "rider" to the CBA.[5]  The defendants argue that the Court does not have subject matter jurisdiction over this claim alone because a breach of contract claim is governed by state law.  Holmes v. Artists Rights Enforcement Corp (AREC), 148 Fed. Appx. 252, 257 (6th Cir. 2005); Northland Ins. Co., v. Stewart Title Guar. Co., 327 F.3d 448, 455 (6th Cir. 2003).

Next, the defendants assert that the Court does not have subject matter jurisdiction over Count II (Bain's claim that AFSCME failed to fairly represent him)

---

[4] AFSCME joined in Farmington's Hills arguments by filing a "me too" motion for dismissal.

[5] Paragraph five (5) of the LCA states: "All provisions of the collective bargaining agreement between the Employer and the Union remain applicable to Employee, except as modified herein."

4

because Congress enacted the LMRA to govern the relationship between employers, labor organizations, and employees [6] and Farmington Hills is not an "employer" under the act.  Specifically, the defendants say that the City of Farmington Hills is a municipality, which is considered a political subdivision of the state,[7] and political subdivisions are not considered "employers" under the act:  "The term 'employer' ...shall not include ... any State or its political subdivisions.  29 U.S.C. § 152(2).  The defendants argue that it follows that since Farmington Hill is not an employer under the act, Bain is not an "employee" covered by the act,[8] and AFSCME not a labor organization subject to the act.[9]  The defendants rely on Moir v. Greater Cleveland Regional Transit Authority, 895 F.2d 266, 272 (6th Cir. 1990), which holds that federal courts do not have jurisdiction over claims of violations of federal labor laws brought by employees of a political subdivision.

---

[6] See 29 U.S.C. 141(b).

[7] The City of Farmington Hills is a Michigan municipality incorporated under the Michigan Home Rule City Act.  See M.C.L. §§117.1-117.38.

[8] 29 U.S.C. § 152(3):  The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise ...

[9] 29 U.S.C. § 152(5): The term "labor organization" means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

**2. Bain's Arguments**

Bain agrees with the defendants that Count I is a breach of contract claim over which the Court does not have subject matter jurisdiction. However, Bain argues that Count I is substantially connected to Count II, which the Court does have subject matter jurisdiction over and therefore both claims should be dealt with by the Court. See Mich. Southern Railroad Co. v. Branch & St. Joseph Counties Rail Users Assoc. 287 F.3d 568 (6th Cir. 2002) (holding that where a non-federal matter is substantially related to a federal matter, both claims have federal subject matter jurisdiction).

Bain says that the Court has subject matter jurisdiction over Count II for several varying reasons.[10] First Bain argues that his unfair representation claim has merit in that AFSCME failed to represent Plaintiff by allowing him to sign the LCA which was completely against his best interest.

Second Bain argues that the Court has jurisdiction because AFSCME is a labor organization that represents employees in both the private sector and governmental units nationally, which impacts interstate commerce and subjects it to the LMRA. Also, AFSCME has been subject to litigation in federal court many times.

Third, Bain relies on Montgomery v. City of Ardmore, 365 F.3d 926 (10th Cir. 2004). Bain says that the holding in Montgomery suggests that the plaintiff's claims against the Union were subject to the LMRA even through the plaintiff was a city employee.

Finally, Bain argues that this case is distinguishable from Moir, because Moir

---

[10] Bain's arguments are both confusing and conclusory.

6

involved state administrative rights.

### D. Resolution

The Court does not have subject matter jurisdiction over Bain's complaint. Federal courts do not have jurisdiction over claims of violations of federal labor laws brought by employees of political subdivision. Moir;[11] City of Saginaw v. Service Employees Intern. Union, Local 446-M, 720 F.2d 459 (Mich. App. 1983); Cottrill v. Ohio Civil Service Employees Ass'n 665 F. Supp. 525 (N.D.Ohio,1987). It is undisputed that Farmington Hill is a political subdivision of the State of Michigan. Therefore, it is not an employer covered by the LMRA. This conclusion remains unchanged by the fact that AFSCME represents both private sector and governmental units nationally. The court in Richards v. Ohio Civil Service Employees Ass'n, 2006 WL 2918862 (6th Cir. 2006) held that there is no "mixed union" exception to lack of federal jurisdiction for public employees:

> While the mixed union exception flows logically from the underpinnings of the [Labor Management Reporting and Disclosure Act], which specifically regulates union/member relationships and had as its main goal to ensure "that unions [are] democratically governed and responsive to the will of their memberships," Reed v. United Transportation Union, 488 U.S. 319, 325, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), the same exception has no application to the prior-enacted LMRA, whose emphasis is the union's relationship with its employer, not its individual members. See also Cunningham v. Operating Eng'rs Local 30, 234 F.Supp.2d 383, 395 (S.D.N.Y.2002) (holding that the LMRA does not cover public employee claims even though the employees' local union represents both public and private employees).

Id. at * 5.

---

[11] Bain's conclusory statement that Moir is distinguishable from this case because the case involved state administrative rights is meritless and need not be addressed; he does not articulate why this distinction should undermine Moir's holding.

Likewise, the holding in <u>Montgomery</u> does not change the conclusion here. <u>Montgomery</u> does not stand for the proposition that a union is subject to the LMRA despite the fact that the plaintiff was a city employee. The issue of subject matter jurisdiction was not raised in that case. Instead the court dismissed the plaintiff's unfair representation claim upon finding that he did not exhaust internal remedies. 356 F.3d at 940-941.

This case is DISMISSED.

SO ORDERED.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: March 28, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, March 28, 2007, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160